# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

TERRENCE BENOIT                          CIVIL ACTION NO. 6:10-0138
    LA. DOC #489486
VS.                                      SECTION P

                                JUDGE DOHERTY

16TH JUDICIAL DISTRICT COURT, ET AL.     MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrence Benoit, proceeding *in forma pauperis*, filed the instant

civil rights complaint pursuant to 42 U.S.C. § 1983 on January 22, 2010.  Benoit  is an

inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He

is presently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

Benoit is serving consecutive sentences totaling 116 years, imposed following his

conviction for multiple counts of possession of child pornography, entered in the

Sixteenth Judicial District Court for Iberia Parish, Louisiana.  Benoit names the Sixteenth

Judicial District Court, Iberia Parish Clerk of Court Michael Thibodeaux, and Iberia

Parish Sheriff Louis Ackal, Jr. as defendants.  He complains that these defendants have

violated various provisions of the Constitution of the United States along with various

federal and state statutes in connection with his criminal prosecution, resulting in the

"infliction of unusual, cruel and excessive punishment . . . ."[1]  By this action, Benoit

---

[1] More specifically, plaintiff alleges: "Court has exhibited from the outset violations of my Constitutional Rights (1) Equal Protection under the law; (2) Articles IV, V, VIII, IX, XIV U.S. Constitution; (3) Rule 16 U.S.C.C.P.; Rule 3 and 4 U.S.C.C.P.; Rule 7(c) U.S.C.C.P. ; Rule 2608(1)(a)(b) U.S.C.C.P. (4) Ed. La 1972; (5) La. 14:91 Sentencing Guidelines La. C.Cr.P.; (6) Direct Bias; (7) Prejudice; (8) Contempt of Court; (9) Aid and Abet;

requests that  this Court run his state sentences concurrently, rather than consecutively, and award him compensatory damages for the excessive time he has spent incarcerated, and for mental and physical pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that Benoit's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against defendants who are immune from suit.

## LAW AND ANALYSIS

The procedural history underlying the present action has been detailed in Benoit's two prior federal *habeas corpus* actions filed in this court. *Terrence Benoit v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0039 and  *Benoit v. Louisiana State Penitentiary*, Civil Action 6:09-cv-2094.  In pertinent part, the procedural history is as follows.

On November 15, 2004, Benoit pled guilty to fifty-eight counts of pornography involving juveniles.  On December 20, 2005, Benoit was sentenced to serve 2 years for each of the 58 counts, the sentences to run consecutively, for a total of 116 years imprisonment. Since entry of his plea, Benoit's efforts to attack his conviction and

---

(10) Larceny; (11) Abuse of Legal Process; (12) Malfeasance; (13) Malicious Prosecution; (14) Fabricated Fact; (15) Falsification of Oral and Written Testimony (16) malicious injury; (17) infliction of unusual, cruel and excessive punishment. [rec. doc. 1, ¶IV]

sentence at every level of the Louisiana state court system has been unsuccessful. *See e.g.*

*State ex rel. Benoit v. State*, 2009-0486 (La. 12/11/2009), 23 So.3d 914; *State v. Benoit*,

2008-1252 (La. App. 3 Cir. 12/23/08), 2008 WL 5339639, 997 So.2d 906 (unpublished);

*State ex rel. Benoit v. State*, 2006-2142 (La. 5/11/07), 955 So.2d 1275; *State ex rel Benoit*

*v. State*, 2007-0258 (La. 5/11/07), 955 So.2d 1279; *State ex rel. Benoit v. State*, 2006-

1553 (La. 3/23/07), 951 So.2d 1553.

On January 8, 2007, Benoit  filed his first petition for federal *habeas corpus* relief

in this court pursuant to 28 U.S.C. §2254.[2]  *Terrence Benoit v. Burl Cain, Warden*, Civil

Action No. 6:07-cv-0039.  After extensive proceedings, the undersigned recommended

dismissal of the petition with prejudice, having found that petitioner's claims for relief

were procedurally defaulted, without merit or both. [*Id.* at rec. doc. 59].  After

considering petitioner's objections to the Report and Recommendation, on December 3,

2009, Judge Haik dismissed the petition with prejudice. [*Id.* at rec. doc. 64].

On December 14, 2009, petitioner filed *pro se* pleadings which were construed as

motions for an appeal and for a certificate of appealability. [*Id.* at rec docs. 65 and 66].

---

[2] Petitioner raised the following claims for relief: (1) that his "open ended" plea was not knowingly, intelligently or voluntarily entered because it was entered without an agreement as to petitioner's sentence; (2) that petitioner's plea was unlawfully induced by defense counsel; (3) that petitioner's conviction was obtained by the use of evidence obtained pursuant to an unconstitutional arrest, search and seizure; (4) that petitioner's conviction was through the use of a confession illegally obtained following his arrest; (5) that the prosecution failed to disclose *Brady* evidence, namely petitioner's allegedly unlawful confession or his allegedly unlawful arrest; (6) that petitioner's convictions violate the double jeopardy clause; (7) that petitioner received ineffective assistance of counsel; (8) that the trial court erred imposing consecutive, rather than concurrent sentences, in violation of the United States and Louisiana constitutions and Louisiana sentencing guidelines; (9) that the trial court erred in denying petitioner's motion to withdraw his guilty plea; and (10) that petitioner was falsely arrested and is therefore being falsely imprisoned.

Petitioner's appeal was initially dismissed by the United States Fifth Circuit Court of Appeals for want of prosecution. [*Id*. at rec. doc. 72].  However, the Fifth Circuit has since granted petitioner's request to reopen the case.  Accordingly, petitioner's appeal of this court's denial of his federal *habeas* petition remains pending in the Fifth Circuit.  [*Id*. at rec. doc. 73; *Benoit v. Cain*, No. 09-31214 (5th Cir. 2009)].

On December 2, 2009, while his first *habeas* petition was still pending in this Court, Benoit filed a second petition for federal *habeas corpus* relief, attacking the same convictions and sentences. *Benoit v. Louisiana State Penitentiary*, Civil Action 6:09-cv-2094. This petition raised claims virtually identical to the claims for relief alleged in his first federal *habeas* petition, as well as several new claims not previously presented.[3]  On March 9, 2009, the undersigned recommended that the petition be dismissed without prejudice because the petition constituted a second and successive *habeas* petition within the meaning of 28 U .S.C. § 2244(b), filed without prior authorization of the United States Fifth Circuit Court of Appeals.[4] [*Id*. at rec. doc. 7].

---

[3] Petitioner's claims are summarized as follows:  (1) his guilty plea was involuntary; (2) his guilty plea was "unintelligently and involuntarily given;" (3) the imposition of consecutive sentences was unlawful; (4) the sentences were excessive; (5) the sentences were illegal; (6) the arrest was unlawful; (7) the affidavit supporting the arrest warrant was invalid; (8) petitioner's arrest, trial, conviction, sentence, and current incarceration are illegal; (9) the District Court and Court of Appeals erred when they denied his *pro se* motions; (10) petitioner's arrest violated Rule 4(c)(3) of the "USCP;" (11) the warrantless search of his home was unreasonable; (12) the warrant was otherwise defective; (13) there were no exigent circumstances to validate the search and seizure and arrest; (14) probable cause was lacking; (15) the trial court erred when it denied petitioner's motion to reconsider sentence; (16) the court erred in admitting petitioner's confession; (17) the provisions of La. C.Cr.P. art. 768  were violated; (18) the trial court erred in denying petitioner's motion to suppress; (19) the rules of discovery were violated.  [rec. doc. 1, pp.6-13].

[4]In connection with that petition, Benoit submitted the following attachments: (1) "Affidavit[s] for Warrant To Arrest Equal Justice Under the Laws", alleging facts which purport to show that Benoit was unlawfully arrested and his residence unlawfully searched [rec. doc. 1, pp. 23-28];  (2) "Petition for Production of Documents Equal

4

　　　　While these petitions were pending in this court, Benoit filed the instant civil rights

action in the United States District Court for the Middle District of Louisiana. The action

was transferred to this court on January 25, 2010.  In his rambling pleadings, Benoit

makes complaints similar to those asserted in his prior federal *habeas corpus* petitions, in

essence, again arguing  that he was falsely arrested, accused, prosecuted, convicted, and

sentenced, that his property was illegally seized, and that despite having provided proof to

establish that his continued incarceration is unlawful, he still nevertheless remains

imprisoned.[5]  In support of his complaint, Benoit attaches various exhibits, the majority of

which were filed or created in connection with his state court prosecution.[6]

---

Protection Under the Law", interrogatories and requests for admission, which purport  to seek discovery of the facts
and evidence used to convict Benoit [*Id*. at pp. 29-46]; (3) a "Special Citation", seeking the arrest of the police
officers who arrested Benoit in November 2004 and other individuals who thereafter acted in some way to incur
petitioner's wrath  [*Id*. at pp. 47-50]; and (4) a "Writ of Review Equal Protection Under the Law", seeking the
release of all property seized from Benoit's residence at the time of his arrest and thereafter [*Id*. at pp. 51-57]. By
separate order issued on March 9, 2009,  to the extent that Benoit sought a ruling on these pleadings the undersigned
denied the request. [*Id*. at rec. doc. 6].

　　[5] Plaintiff alleges: 1. La. C.Cr.P. art. 493 provides that a defendant, convicted on more than one count, may
be sentenced only for a single offense; 2. *Lawrence v. Henderson*, 344 F. Supp. 1287 (E.D. La. 1972) provides that
an "illegal arrest cannot be legalized by what is discovered after the arrest." 3. Officer John Poole of the New Iberia
Police Department falsified statements and documents. 4. Article IV of the United States Constitution guarantees the
right of the people to be secure in their persons, homes, papers and effects against unreasonable searches and
seizures and that his arrest and the subsequent search of his premises and seizure of evidence was in violation of this
guarantee. 5. Article V which provides that persons may not be held to answer to crimes unless by way of indictment
a grand jury has determined probable cause; also prohibits double jeopardy and the seizure of property without due
process was violated. 6. Article VIII which proscribes excessive bail and cruel and unusual punishment was violated.
7. Article IX guaranteed non-enumerated rights to the people. 8. Legal Deposition – according to plaintiff his claims
concerning an illegal arrest, search and seizure were presented to the District Attorney as motions for discovery and
interrogatories and but he failed to respond. 9. Article XIV which prohibits the States from depriving persons of
equal protection was violated by officers conducting the search of his home. 10. Rule 32.2 relative to criminal
forfeiture was violated. 11. It was never established that plaintiff "intentionally" possessed child pornography.

　　[6] These exhibits include: (1) a handwritten notice from plaintiff to Judge Wattigny dated November 24,
2004 whereby plaintiff attempts to withdraw his guilty plea; [rec. doc. 1-1, p. 13-15]; (2) the order denying the
motion signed by Judge Wattigny on December 20, 2005 [*Id*., p. 16]; (3) a notice to public defenders dated October

## LAW AND ANALYSIS

*Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous,  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

---

29, 2004 advising counsel that plaintiff would not accept an "open ended plea" agreement [*Id*., pp. 17-18] (4) plaintiff's pro se motion to reconsider sentence dated January 3, 2006 [*Id*., pp. 19-27]; (5) Judge Wattigny's January 11, 2006 order denying the motion [*Id*., p. 23]; (6) Special Citation served on plaintiff and advising that his motion to suppress evidence had been denied on December 9, 2004 [*Id*., p. 24]; (7) plaintiff's pro se motion to suppress filed in November 2004 [*Id*., pp. 25-32]; (8) Judge Wattigny's order denying the motion as moot based on plaintiff's plea of guilty, signed November 29, 2004 [*Id*., p. 32] (9) letter from Assistant District Attorney Lee to plaintiff dated February 27, 2007 acknowledging receipt of request for interrogatories, production of documents and admissions of fact filed on February 22, 2007 which advised plaintiff that the request will not be answered [*Id*., p. 33] (10) Memo dated November 15, 2006 from Clerk of Court to Judge Wattigny advising him of the filing of the interrogatories etc. by plaintiff and Judge Wattigny's response, "There is no order to sign. I guess you can do whatever you want. There is no such suit filed with this citation." [*Id*., p. 34]; (11) The interrogatories, request for production of documents and for admissions of fact dated November 13, 2006 and filed by plaintiff in the Iberia Parish Clerk of Court's Office and directed to District Attorney Haney and Sheriff Hebert [*Id*., pp. 35-42].

In his Complaint, Benoit has set forth specific facts which he claims entitles him to relief; he has pleaded his best case and amendment would serve no useful purpose.  Those facts have been accepted as true for the purposes of this Report.  Nevertheless, plaintiff's claims are  subject to dismissal for the reasons that follow.

***Unlawful Arrest, Prosecution, Conviction and Imprisonment***

Petitioner seeks money damages from all of the defendants for his allegedly unlawful arrest, conviction and continued imprisonment, caused by alleged wrongdoing associated with his criminal prosecution, and the resulting convictions and sentences imposed by Judge Wattigny of  the Sixteenth Judicial District Court.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254 ." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.*  If judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or

sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Plaintiff's unlawful arrest, prosecution, conviction and imprisonment claims would, if true, necessarily implicate the validity of Benoit's convictions and the sentences imposed by the Sixteenth Judicial District Court.  It is clear from the above procedural history that, despite Benoit's repeated challenges, Benoit's possession of child pornography convictions, and the sentences imposed therefore, have not been reversed, set aside or expunged by the Louisiana state courts, and have not been called into question by this federal court through *habeas corpus* proceedings.

Moreover, it is clear that Benoit's unlawful arrest, conviction and imprisonment claims, as well as his claims associated with alleged wrongdoing by the defendants in connection with his criminal prosecution, are barred by *Heck.*  These claims are not cognizable under 42 U.S.C. § 1983 at this time and must therefore be dismissed with prejudice.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### *Habeas Corpus Relief*

In addition to seeking monetary damages for wrongful arrest, prosecution, conviction and imprisonment, plaintiff requests that this court order that his state sentences be run concurrently, instead of consecutively.  Therefore, Benoit seeks a

speedier release from custody.  Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  A *habeas corpus* action filed pursuant to 28 U.S.C. § 2254 is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.  *See Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).  Indeed, Benoit has already filed such an action, on two occasions, and has failed to obtain the requested relief.  Therefore, Benoit's claims lack an arguable basis in law or fact and that aspect of his complaint must likewise be denied and dismissed for failure to state a claim for which relief may be granted.

### *Juridical Person*

Plaintiff also seeks money damages from "the 16th Judicial District Court."  Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether the Sixteenth Judicial District is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

A state court is not a "person" for purposes of suit under § 1983. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997); *Harris v. Champion*, 51 F.3d 901, 905-906 (10th Cir.1995); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir.1993); *Ward v. Morris*, 895

F.Supp. 116, 117 (N.D. Miss.1995); *Moity v. Louisiana State Bar Ass'n*, 414 F. Supp.

180, 182 (E.D. La.), aff'd, 537 F.2d 1141 (5th Cir.1976). The Sixteenth Judicial District

Court is not an entity capable of being sued. Plaintiff's suit against this non-juridical

entity is frivolous and as failing to state a claim for which relief may be granted.

***Immunity***

Plaintiff has also named the Iberia Parish Clerk of Court, Michael Thibodeaux, as

a defendant herein.  Although he has made no express allegations of fault against

Thibodeaux, it is clear from the allegations in the complaint, read as a whole, that

Thibodeaux is immune from suit.  The Fifth Circuit has held that court personnel are

entitled to absolute immunity from suit to the extent that they are acting at the judge's

direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (holding that court clerks are

entitled to absolute immunity for acts they are specifically required to do under court

order or at a judge's discretion). That is clearly the case herein.  Accordingly, Benoit's

claim for monetary damages against Clerk of Court Michael Thibodeaux should be

dismissed as seeking monetary damages from a defendant who is immune from suit.

Further, while Benoit has not named Judge Wattigny as a defendant in this lawsuit,

to the extent that Benoit might have sought to amend his complaint to add Judge Wattigny

as a defendant herein, his suit would nevertheless be subject to dismissal.  It is well

settled that "[j]udicial officers are entitled to absolute immunity from claims for damages

arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*,

10

31 F.3d 279, 284 (5th Cir.1994); *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994).   Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).  Moreover, Judicial immunity cannot be overcome even by allegations of bad faith or malice and  "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted).  Thus, any such claim for monetary damages against Judge Wattigny would likewise be subject to dismissal as seeking monetary damages from a defendant who is immune from suit.

For these reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint – insofar as plaintiff seeks monetary damages for an unlawful arrest, prosecution, conviction and imprisonment – be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

**IT IS FURTHER RECOMMENDED** that this civil rights complaint – insofar as it seeks plaintiff's immediate or speedier release from custody – be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against the Sixteenth Judicial District Court be **DISMISSED WITH PREJUDICE** as frivolous and as failing

11

to state a claim for which relief may be granted

**IT IS FURTHER RECOMMENDED** that the complaint – insofar as it seeks money damages from Clerk of Court Michael Thibodeaux – be **DISMISSED WITH PREJUDICE** for seeking damages from a defendant who is immune from suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 16th day of March, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

12